IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Doris H. Jenkins, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> J.P. Morgan Chase NA, Select ) <br> Portfolio Servicing, Inc. and Bank ) <br> of New York Mellon Corp., ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 9:19-1578-BHH <br><br> **ORDER** |

This matter is before the Court upon Plaintiff Doris H. Jenkins' ("Plaintiff" or "Jenkins") pro se[1] complaint alleging claims against Defendants arising out of her mortgage. Plaintiff's complaint includes the following claims: (1) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; (2) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (3) fraud/intentional misrepresentation; (4) unjust enrichment; (5) intentional infliction of emotional distress; and (6) negligence.

Defendants[2] filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

---

[1] The caption of Plaintiff's complaint named Plaintiff has "Doris H. Jenkins by and through George E. Holmes," but the Court issued an order on August 5, 2019, explaining to Plaintiff that because George E. Holmes is not an attorney, he could not represent her or act on her behalf in this action. (ECF No. 9.)

[2] Defendants state in their motion to dismiss that their correct designations are "Select Portfolio Servicing, Inc. (SPS) and Bank of New York Mellon f/k/a Bank of New York, successor to JP Morgan Chase Bank, as trustee, in trust for the holders of Structured Assets Securities Corporation Mortgage Pass-through Certificates, Series 2003-BC2," but no motion to amend the caption has been filed.

On October 16, 2019, Magistrate Judge Bristow Marchant issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Defendants' motion to dismiss. Plaintiff filed objections to the Report, and Defendants filed a response to Plaintiff's objections. For the reasons set forth below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report, thereby granting Defendants' motion to dismiss.

**STANDARDS OF REVIEW**

I.  **The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

II. **Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court held in *Bell Atl. Corp. v. Twombly*, the pleading standard set forth in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

In her complaint, Plaintiff alleges that "Defendants created an escrow account outside the knowledge of the Plaintiff," which "allowed Defendants to create a mortgage payment that applied a very minimal amount of the payment to the principal balance." (ECF No. 1 at 2.) Plaintiff claims that Defendants never informed her of their escrow practices and that they intentionally failed to provide her with a copy of a mortgage modification agreement ("modification agreement") in 2009. According to Plaintiff, she only received the signature page of the modification agreement and was told to sign it and return it, although Plaintiff admits that she contacted SPS in February of 2009 to inquire

3

why she did not receive a full copy of the modification agreement. (*Id.* at 2.) Plaintiff states:

> Defendants' predatory mortgage lending, investing, servicing and foreclosure activities have directly caused tremendous tangible monetary damage to Ms. Jenkins including, but not limited to: (I) additional costs of lender-placed flood insurance; (ii) overcharging of interest; and (iii) ensuing additional interest to come on the maturity date of the Agreement.

(*Id.*)

The Magistrate Judge examined each of Plaintiff's claims in turn. With respect to Plaintiff's first cause of action for violations of RESPA, the Magistrate Judge first noted that Plaintiff concedes that her RESPA claims asserted under 12 U.S.C. §§ 2603(a) and (b)(1) are subject to dismissal. The Magistrate Judge next considered Plaintiff's remaining RESPA claims that (1) Defendants violated § 2605(b)(1) by failing to notify her of the assignment of her loan; and (2) Defendants violated § 2605(k) by "force-placing" flood insurance on her property.

With respect to the latter claim–that Defendants violated § 2605(k) by "force-placing" flood insurance on her property–the Magistrate Judge explained that, assuming flood insurance constitutes "hazard" insurance for purposes of § 2605(k), this statute did not become effective until January 10, 2014. *See Cezair v. JP Morgan Chase Bank, N.A.*, No. 13-2928, 2014 WL 425048, at *8, n. 10 (D. Md. Aug. 29, 2014) (noting the statute's effective date). Because Plaintiff's allegations stem from a loan modification that occurred in 2009, the Magistrate Judge determined that any "force-placed" flood insurance would have predated the statute, thereby subjecting this claim to dismissal. The Magistrate Judge specifically rejected Plaintiff's argument that, because flood insurance is renewed annually, any force-placed insurance occurring after January 10, 2014, would trigger a

4

claim. In other words, the Magistrate Judge disagreed with Plaintiff that each act of force-placing insurance was a continuing violation of the statute. In any event, the Magistrate Judge determined that even if Plaintiff's claim was viable for insurance placed after January 10, 2014, the three-year statute of limitations would bar the claim because Plaintiff clearly had notice that flood insurance was being purchased as of the effective date of the statute but did not bring this suit until 2019.

Next, with respect to Plaintiff's claim that Defendants failed to notify her of the assignment of her loan, the Magistrate Judge found no merit to Plaintiff's argument that the three-year statute of limitations should be tolled because she did not receive a copy of the modification agreement in 2009. The Magistrate Judge explained:

> Although it is not clear from the allegations of Plaintiff's complaint when the assignment of her loan occurred, it would have been at the latest (according to the allegations of Plaintiff's complaint) in 2009. Plaintiff also does not appear to dispute that she has been continuing to make her mortgage payments since that time. [ ] Therefore, Plaintiff has failed to set forth a "plausible claim" of any fraudulent concealment of the assignment of her loan so as to entitle[ ] her to equitable tolling of her § 2605(b)(1) assignment claim.

(ECF No. 24 at 9.) Moreover, the Magistrate Judge explained that Plaintiff's complaint alleges only that Defendants concealed the *modification agreement* and does not speak to any fraudulent concealment of the *assignment*. Thus, the Magistrate Judge found that Plaintiff failed to state a plausible claim of fraudulent concealment to equitably toll the statute of limitations with respect to this claim.

The Magistrate Judge next considered Plaintiff's claim that Defendants violated TILA by failing to provide her with the terms of the modification agreement before obtaining her signature and by failing to provide the terms of the agreement for more than 120 months.

5

The Magistrate Judge explained that this claim is subject to a one-year statute of limitations (and a three-year statute of limitations to the extent Plaintiff is attempting to enforce rescission rights). Because Plaintiff admits in her complaint that she knew in February of 2009 that she did not receive the terms of the modification agreement–insofar as Plaintiff specifically alleges that she contacted SPS in February of 2009 to inquire why she did not receive a copy of the modification agreement–the Magistrate Judge found Plaintiff's claim time-barred.

Similarly, the Magistrate Judge found Plaintiff's state law causes of action for fraud/intentional misrepresentation, intentional infliction of emotional distress, and negligence time-barred pursuant to the applicable three-year statute of limitations. The Magistrate Judge explained:

> Plaintiff alleges in her fraud count that the Defendants J. P. Morgan Chase Bank and Bank of New York Mellon engaged in fraud and misrepresentation by inducing her to enter into a contract with no escrow account with full knowledge that the loan would be transferred to a mortgage servicer who mandates escrow accounts upon modification. According to the allegations of the Complaint, this would have occurred on or about November 23, 2002. Complaint, ¶ ¶ 5 and 6. Even with respect to the modification itself, the Complaint alleges that this occurred on or about November 23, 2009. *Id.* Further, even if the Court were to make the wholly unreasonable assumption (based on the allegations of Plaintiff's Complaint) that she thereafter somehow failed to notice (over the course of the next ten years) that her monthly mortgage payments included escrow amounts post-modification of her loan, Plaintiff herself alleges in her Complaint that, following execution of the modification, she contacted SPS "[o]n, 'February 2009'" inquiring about not having received a copy of the modification agreement. *Id.*, ¶ 6. Plaintiff did not file this lawsuit until May 31, 2019, almost ten years later. As such, Plaintiff's fraud claim is manifestly untimely, having been filed some seven years after the expiration of the applicable statute of limitations for this claim. Similarly, Plaintiff's emotional distress and negligence claims both arise out of these same transactions and allegations, and they are therefore also manifestly untimely.

(ECF No. 24 at 14-15.)

Finally, with respect to Plaintiff's equitable claim for unjust enrichment, the Magistrate Judge noted in a footnote that it would be subject to the same three-year statute of limitations as her other state law claims and would therefore be subject to dismissal for the same reasons as those claims. The Magistrate Judge also found that Plaintiff's unjust enrichment claim is subject to dismissal for failure to state a claim because Plaintiff's complaint does not plausibly allege that Defendants are retaining a benefit under circumstances that make it inequitable for them to retain the benefit.[3]

In her objections to the Magistrate Judge's Report, Plaintiff reasserts her claim that the "fraudulent intent to hide the terms and conditions of the loan modification ('Modification') clearly mandates that Defendants are liable for violating [TILA and RESPA], despite the expiration of the statute of limitations." (ECF No. 26 at 1.) Essentially, Plaintiff asserts that the Magistrate Judge failed to properly consider the doctrine of fraudulent concealment in determining whether to equitably toll the statute of limitations with respect to Plaintiff's claims. In addition, Plaintiff asserts that the Magistrate Judge failed to properly consider the continuing nature of her claim that Defendants violated § 2605(k) of RESPA by force-placing flood insurance on her property each year after the statute's enactment. For the following reasons, the Court finds Plaintiffs' objections without merit.

First, the Court finds no merit to Plaintiff's claim that the Magistrate Judge failed to properly consider the doctrine of fraudulent concealment. The doctrine of fraudulent concealment "prevent[s] a defendant from concealing a fraud, or committing a fraud in a manner that it concealed itself until the defendant could plead the statute of limitations to

---

[3] Plaintiff does not object to this portion of the Magistrate Judge's Report, and the Court agrees with the Magistrate Judge's analysis.

protect it." *Supermarket of Marlinton, Inc.*, 71 F.3d at 122 (citation and internal quotation marks omitted). Thus, in certain circumstances, the limitations may be tolled by the equitable concept of fraudulent concealment, which requires proof that "(1) the party pleading the statute fraudulently concealed facts which are the basis of a claim, and that (2) the claimant failed to discover those facts within the statutory period, despite (3) the exercise of due diligence." *Pocahontas Supreme Coal v. Bethlehem Steel Corp.*, 828 F.2d 211, 218 (4th Cir. 1987). In addition, under the heightened pleading requirements of Rule 9 of the Federal Rules of Civil Procedure, a plaintiff must state all averments of fraud, including those pertaining to fraudulent concealment, with particularity. *Id.* at 219.

Here, the Magistrate Judge found that Plaintiff failed to state a plausible claim of fraudulent concealment because, although Plaintiff asserts in her complaint that Defendants failed to provide her with the terms of her modification agreement by only sending her the signature page, she also readily admits in her complaint that she knew in 2009 that Defendants failed to provide her with the terms of her modification agreement and that she specifically contacted them in 2009 to inquire why. Thus, it is clear that Plaintiff was aware of her claim–based on Defendant's failure to provide her with the terms of her modification agreement as required by statute–in 2009 but she did not file this action until 2019. Importantly, nowhere in her complaint does Plaintiff allege that Defendants fraudulently concealed the existence of the modification agreement, and nowhere does she allege facts to show that, despite the exercise of due diligence, she did not have a reasonable opportunity to discover the Defendants' alleged violations prior to 2019. The Court finds no error in the Magistrate Judge's analysis and agrees with the Magistrate Judge that the allegations of Plaintiff's complaint are legally insufficient to state a claim of

fraudulent concealment to entitle Plaintiff to tolling of the applicable statutes of limitations.

Likewise, with respect to Plaintiff's state law claims, the Court agrees with the Magistrate Judge that Plaintiff had knowledge of the basis of these claims as early as 2009. Accordingly, because Plaintiff knew or should have known that she had a claim more than three years prior to filing suit, the Court agrees with the Magistrate Judge that Plaintiff's state law claims, including her claim for unjust enrichment, are barred by the statute of limitations.

Next, the Court finds no merit to Plaintiff's objection that the Magistrate Judge failed to properly consider the continuing nature of her claim that Defendants violated § 2605(k) of RESPA by force-placing flood insurance on her property each year after the statute's enactment. First, as Defendants note in their response to Plaintiff's objections, Plaintiff's complaint does not specifically allege any dates on which the Defendants force-placed flood insurance on the property, or that each year constituted a continuing claim. Moreover, even assuming Plaintiff could state a claim by relying on the years following the effective date of § 2605(k) (January 10, 2014), the three-year statute of limitations for claims under § 2605(k) would bar Plaintiff's claim because it is clear that Plaintiff had notice of her claim more than three years prior to filing suit in 2019. In addition, although not decided by the Magistrate Judge, the Court agrees with Defendants that § 2605(k)'s reference to force-placed "hazard" insurance does not appear to include flood insurance, which is government by § 102(e) of the Flood Disaster Protection Act of 1973, 42 U.S.C. § 4012a(e). Thus, the Court overrules Plaintiff's objection and finds that Plaintiff's claim related to force-placed flood insurance is subject to dismissal for the reasons set forth by

the Magistrate Judge and the reasons stated above.

Finally, the Court denies Plaintiff's motion to be assisted by an unlicensed layman (ECF No. 17). As the Court has previously explained to Plaintiff, George E. Holmes is not a licensed attorney, and he may not represent Plaintiff in this action or assist her by undertaking the unlicensed practice of law. (*See* ECF No. 9 at 1-2.) Additionally, the Court notes that Plaintiff has no right to the appointment of counsel in this case, and the Court finds that she has not demonstrated any circumstances warranting the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

## **CONCLUSION**

Based on the foregoing, the Court hereby adopts the Magistrate Judge's Report (ECF No. 24) in full and incorporates it herein; the Court overrules Plaintiff's objections (ECF No. 24); the Court denies Plaintiff's motion to be assisted by an unlicensed layman (ECF No. 17); and the Court grants Defendants' motion to dismiss (ECF No. 12).

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge

March 18, 2020
Charleston, South Carolina